STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. KENNY CLARK, MAE HALLMAN, TERRELL HALLMAN, JOHN HENNESSEY, MICHAEL HENNESSEY, JOHN MADDEN AND DOROTHY YANOL, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted June 21, 1977—Decided July 18, 1977.

Before Judges ALLCORN, CRANE and BOTTER.

*Mr. James T. O'Halloran,* Prosecutor of Hudson County, attorney for appellant (*Mr. Maurice J. Maloney,* Assistant Prosecutor, on the brief).

*Mr. Stanley C. Van Ness,* Public Defender, attorney for respondents (*Mr. Willam E. Norris,* First Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by
ALLCORN, J. A. D. The sole issue on appeal is whether an indictment under *N. J. S. A.* 24:21–24(a) for conspiracy to violate the drug laws must allege an overt act.

The trial judge held that the allegation was necessary and dismissed the conspiracy count against defendants for failure to allege an overt act. The State appeals.

Defendants were charged with conspiring to dispense or distribute heroin. *N. J. S. A.* 24:21–24(a) ; *N. J. S. A.* 24:21–19. *N. J. S. A.* 24:21–24(a) states:

Any person who attempts, endeavors or conspires to commit any offense defined in this act is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the endeavor of [sic] conspiracy.

Prior to the adoption of the Controlled Dangerous Substance Act in 1970, *N. J. S. A.* 24:21–1 *et seq.*, a conspiracy to violate the drug laws was prosecuted under our general conspiracy statute. *N. J. S. A.* 2A:98–1, 2. *State v. Dennis,* 43 *N. J.* 418, 423 (1964). The Uniform Narcotic Drug Law, *N. J. S. A.* 24:18–1 *et seq.*, then in effect in New Jersey, contained no provision making it a crime or prescribing a penalty for conspiring to violate its provisions. Thus, prior to the 1970 act an indictment for conspiracy to violate the drug laws necessarily was brought under *N. J. S. A.* 2A:98–1, 2 and, consequently, required an allegation of an overt act under *N. J. S. A.* 2A:98–2. *State v. Malaspina,* 120 *N. J. Super.* 26, 28 (App. Div. 1972) ; *State v. Hemmendinger,* 100 *N. J. L.* 234, 237 (Sup. Ct. 1924), aff'd o. b. 101 *N. J. L.* 417 (E. & A. 1925) ; *State v Dixon,* 133 *N. J. L.* 348, 349 (Sup. Ct. 1945).

The question presented in this case is whether an overt act allegation continues to be a requirement under *N. J. S. A.* 24:21–24(a), which specifically proscribes conspiracy to violate the Controlled Dangerous Substances Act and provides a penalty therefor, but omits any requirement of an overt act.

In our view where, as here, the Legislature has established as a criminal offense a conspiracy to violate the provisions of the Controlled Dangerous Substances Act (*N. J.*

S. A. 24:21–1 *et seq.*) and has done so in a section of that act (*N. J. S. A.* 24:21–24(a)) the offense thus created is independent of and distinct from those created by the general conspiracy statute (*N. J. S. A.* 2A:98–1, 2), and is not subject to the overt act requirement contained in the general act. The Legislature having omitted from the conspiracy section of the Controlled Dangerous Substances Act any overt act requirement, no allegation thereof is necessary in an indictment charging such a conspiracy. *United States v. Bermudez,* 526 *F.* 2d 89, 94 (2 Cir. 1975), *cert.* den. 425 *U. S.* 970, 96 *S. Ct.* 2166, 48 *L. Ed.* 2d 793 (1976).

█ The requirement of an overt act allegation and proof thereof in a conspiracy charge was originated by statute. Conspiracies at common law did· not and do not now require overt act allegation and proof. *State v. Cormier,* 46 *N. J.* 494, 508 (1966). See also, *Singer v. U. S.,* 323 *U. S.* 338, 340, 65 *S. Ct.* 282, 89 *L. Ed.* 285 (1945); *Nash v. U. S.,* 229 *U. S.* 373, 378, 33 *S. Ct.* 780, 57 *L. Ed.* 1232 (1913). The omission of any such requirement from *N. J. S. A.* 24:21–24(a) by the Legislature may very well be attributed .to recognition of the availability to a defendant of the broad scope of pretrial discovery under the present rules of procedure. *R.* 3:13 and *R.* 3:7–5.

Accordingly, the order dismissing count 1 of Indictment 1042–75 is reversed, count 1 of said Indictment is reinstated, and the cause is remanded to the Law Division for trial. No costs.